FRED J. GERISH, PROSECUTOR, v. BERGEN COUNTY COURT OF JUVENILE AND DOMESTIC RELATIONS, DEFENDANT.

Submitted January 21, 1947—Decided May 7, 1947.

Before Justices PARKER, DONGES and EASTWOOD.

For the prosecutor, *Major & Carlsen.*

For the defendant, *Joseph H. Gaudielle.*

The opinion of the court was delivered by

DONGES, J. *Certiorari* was allowed to review an order of the Bergen County Court of Juvenile and Domestic Relations, directing prosecutor to pay the sum of thirty-five ($35) dollars a week for the support and maintenance of his two minor children, instead of the twenty-five ($25) dollars per week which he was paying.

Prosecutor assigns three reasons for reversal:

1. It was error to refuse to dismiss the petition or complaint on prosecutor's motion.

2. It was error to refuse to dismiss the proceeding and enter a judgment for prosecutor.

3. There were no facts before the court to sustain the order under review.

It appears that prosecutor and his wife separated by agreement, and that the wife had custody and control of their two children. She maintains a home, which she bought and for which she is paying in installments. She is working and earning forty ($40) dollars per week. The undisputed testimony is that the husband has been contributing twenty-five ($25) dollars per week, which the wife testified is insufficient to properly maintain their daughter, who is thirteen years of age, and their son, eight years of age. She testified that the expenditure required to maintain the children exceeded $25 per week and that she was obliged to contribute from her earnings for that purpose. It was also testified without contradiction that the father's earnings were at least $150 per week. The prosecutor did not take the stand, nor was any testimony offered on his behalf to contradict the wife's testimony. It seems clear, therefore, that the factual finding that the father could and should pay $35 per week was fully warranted.

Prosecutor urged that the court below was without jurisdiction in the matter. A motion to strike the petition was denied. The trial judge, however, did strike reference to all statutes save the Juvenile and Domestic Relations Court Act, chapter 77, *Pamph. L.* 1946. The petition, by consent, was amended to state the financial means of prosecutor. We conclude that the petition was sufficient to give the court and defendant below adequate information of the judgment sought. Prosecutor did not raise any question of service of process, but submitted himself, so that the court had jurisdiction over his person.

Prosecutor argues that the trial court was without jurisdiction to try the case and to award judgment. This argument is without substance. By chapter 77 of the laws of 1946,

amending *R. S.* 9 :18–14, it is provided that the Juvenile and Domestic Relations Court, "shall also have jurisdiction to hear and determine in a summary manner disputes and complaints involving the domestic relation and may order the adequate support of the spouse, child, children or the entire family and shall have power to provide by appropriate order for their support and maintenance." And that,

"Any person who fails to comply with the order of the court relative to the support of spouse, child, children or the entire family, may be adjudged guilty of contempt."

Finally, it is argued that the statute violates article IV, section VII, paragraph IV of the Constitution of the State of New Jersey, which provides, "No act shall be passed which shall provide that any existing law, or part thereof, shall be made or deemed a part of the act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act."

The jurisdiction to hear and determine matters relating to marital relations and care and support of children may be conferred by statute. In the instant case the legislature by the above cited provisions clearly conferred such jurisdiction. It was not dependent upon reference to any other statute. Nor is it so related to the question of custody as to make any determination of custody essential to an allowance for support and maintenance. Custody of the children in this case was in the mother by agreement of the parents.

We conclude that the sections of the statute which confer jurisdiction in this case are constitutional, and that the statute is clear and sufficient to confer such jurisdiction on the court below; that the petition sufficiently set forth the relief sought; that the petitioner established ground for such relief; and that the judgment of the court should be affirmed.

The writ is accordingly dismissed, with costs.